[No. D008396. Fourth Dist., Div. One. Sept. 13, 1988.]

FRED D. KUPERSTEIN, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
ALLSTATE INSURANCE COMPANY, Real Party in Interest.

**COUNSEL**

Brown & DiRe, William J. Becker, Jr., and Sampson A. Brown for Petitioner.

No appearance for Respondent.

Edwards, White & Sooy, Richard R. Sooy and Susan E. Luhring for Real Party in Interest.

**OPINION**

**TODD, J.**—Fred D. Kuperstein (Kuperstein), doing business as Sports Arena Tropicals (Sports Arena), sold a salt water aquarium to Ronald and Vicki Beaubien (Beaubien). The aquarium started a fire and Beaubien brought suit. Real party, Allstate Insurance Company (Allstate), never issued insurance to Sports Arena, which has not been an active business since 1981.

Kuperstein currently is doing business as Clairemont Tropical Fish (Clairemont) located at 4633 Convoy Street. On January 22, 1986, Allstate

issued to Clairemont a business insurance policy limited to the Convoy Street premises.

Suit was filed May 5, 1987. Kuperstein made a claim under the Clairemont business policy. Allstate investigated the claim and reserved its rights. Allstate then moved to file a complaint in intervention in the underlying Beaubien suit seeking a declaration of rights and duties under the policy, including a declaration that it had no duty to defend or indemnify. The trial court granted the motion. Kuperstein sought review in this court. We stayed all proceedings connected with the complaint in intervention which we now vacate as part of the grant of relief.

■ The motion brought by Allstate was under Code of Civil Procedure section 387, subdivision (a), which permits "permissive intervention." Intervention thus is at the trial court's discretion and we look to see if there has been an abuse of that discretion.

■ For permissive intervention three factors are paramount: the intervener must have a direct interest in the lawsuit, the intervener must not enlarge the issues raised by the original parties and the intervener must not tread on the rights of the original parties to conduct their own lawsuit. (*People* ex rel. *Rominger* v. *County of Trinity* (1983) 147 Cal.App.3d 655, 660-661 [195 Cal.Rptr. 186].)

■ Real party argues that the issues in the complaint and in the complaint in intervention are identical, the interest of the insurer is direct due to the uniformity of issues, intervention will not enlarge the issues nor will coverage issues be injected in the trial. There are common questions of fact and law such as where the fire occurred, which parts of the aquarium contributed to the fire, where each component was purchased, who manufactured each component. This is all true. However, although the insurer and insured have an interest in the resolution of these facts, they do not share an interest in having them resolved in the same way. Allstate's interest is in having no connection between the aquarium and Convoy Street, while Kuperstein's interest is just the opposite. This will always be the case where an insurer disputes coverage after a claim is made.

Allstate does not have a direct interest such that it will gain or lose by the direct legal operation of the judgment. The direct legal effect here is on Kuperstein. If judgment is for the plaintiff, how Kuperstein pays this and whether he has insurance to cover it are collateral. There is no direct interest on the part of the insurer. (See *Continental Vinyl Products Corp.* v. *Mead Corp.* (1972) 27 Cal.App.3d 543, 551 [103 Cal.Rptr. 806].) Permitting intervention in such circumstances necessarily expands the scope of the

lawsuit to include issues necessary to determining coverage. In that the insured and insurer seek different factual resolutions of certain issues, intervention necessarily injects the possibility the defendants will not be able to conduct the lawsuit on their own terms. To permit intervention in these circumstances was an abuse of discretion.

An alternative writ or order to show cause would add nothing to the presentation. A peremptory writ is proper. (Code Civ. Proc., § 1088; *United Nuclear Corp.* v. *Superior Court* (1980) 113 Cal.App.3d 359 [169 Cal.Rptr. 827]; *Goodenough* v. *Superior Court* (1971) 18 Cal.App.3d 692, 697 [96 Cal.Rptr. 165].)

Let a peremptory writ issue directing the superior court to vacate its order permitting intervention and to enter a new and different order denying same. The stay issued by this court on August 4, 1988, is vacated on the issuance of the remittitur.

Wiener, Acting P. J., and Work, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied November 30, 1988.