[No. D007659. Fourth Dist., Div. One. May 30, 1989.]

JADE K., a Minor, etc., et al., Plaintiffs and Respondents, v.
JUAN JOSE VIGURI, Defendant and Appellant;
TRUCK INSURANCE EXCHANGE, Intervener and Appellant.

COUNSEL

Chapin & Brewer, Randall L. Winet and Christine L. Cunningham for Defendant and Appellant.

Waldman, Bass, Stodel & Graham and George Chuang for Intervener and Appellant.

Lightner & Castro, Thomas D. Schaefer and Robyn S. McClain for Plaintiffs and Respondents.

## OPINION

**KREMER, P. J.**—Defendant Juan Viguri appeals a default judgment favoring plaintiffs Jade K. and his mother Elizabeth Billick (together K.). Viguri also appeals a prejudgment order denying his motion to vacate default. Viguri further appeals a postjudgment order denying his motion to reconsider the order denying his motion to vacate default. We find Viguri's appeal from the default judgment and the order denying his motion to vacate default must be dismissed as untimely. To the extent the order denying reconsideration may be independently appealable, we affirm such order.

Intervener Truck Insurance Exchange (Truck) appeals an order denying its motion to vacate the default judgment entered against Viguri. We find that appeal to be timely and we reverse the order denying Truck's motion to vacate.

I

## PROCEDURAL HISTORY

On May 1, 1987, K. sued Viguri for negligence, intentional infliction of emotional distress and professional negligence. K.'s complaint sought damages allegedly resulting from sexual molestation by Viguri.

On May 1, 1987, Viguri was personally served in the San Diego County jail with K.'s complaint.

On July 28, 1987, K. served Viguri with a statement of damages.

On September 4, 1987, at K.'s request, the clerk entered Viguri's default.

On September 30, 1987, through his attorney-in-fact Yolanda Diaz, Viguri in pro. per. filed an answer to K.'s complaint.

On October 23, 1987, Viguri filed a substitution of attorney designating George Ronis as his counsel instead of himself in pro. per.

On October 30, 1987, Viguri noticed a motion under Code of Civil Procedure[1] section 473 to vacate the default and set aside any default judgment. At Viguri's request, the court continued K.'s default prove-up hearing until after the scheduled November 20, 1987, hearing on Viguri's motion to vacate.

On November 19, 1987, Truck tendered legal defense to Viguri under a business premises policy with reservation of rights.

On November 20, 1987, the court heard Viguri's motion to vacate default and took the matter under submission. On November 23, 1987, the court issued a minute order denying Viguri's motion.

On November 30, 1987, Viguri filed notice associating as counsel the law firm of Chapin & Brewer provided by Truck. The same day Viguri through Chapin & Brewer noticed a motion to reconsider denial of his motion to vacate default.

On December 1, 1987, the court signed and filed default judgment against Viguri. On December 2, 1987, the clerk entered the default judgment. The default judgment awarded K. $450,000 general damages and $275,000 punitive damages. The default judgment awarded Billick $150,000 general damages.

On December 2, 1987, intervener Truck filed a motion to vacate the default judgment entered against Viguri.

On December 7, 1987, K. served Viguri and Truck with notice of entry of judgment. (§ 664.5, subd. (a).)

On December 22, 1987, the court heard and took under submission Viguri's motion for reconsideration and Truck's motion to vacate the default judgment.

On January 7, 1988, by minute order the court denied Truck's motion. The same day the clerk mailed the minute order to Truck.

On January 14, 1988, the court issued a written order denying Viguri's motion for reconsideration and denying Truck's motion to vacate the default judgment.

On February 29, 1988, Viguri filed notice of appeal.

---

[1] All statutory references are to the Code of Civil Procedure.

On March 8, 1988, Truck filed notice of appeal.

## II

### K.'s Motion to Dismiss Viguri's Appeal

Viguri's notice of appeal states he "appeals from the Order denying defendant's Motion for Reconsideration and Motion to set aside and vacate Default Judgment and granting Default Judgment against him entered herein on December 22 [*sic*], 1987 . . . ."

K. contends Viguri's appeal is untimely whether deemed an appeal from the minute order denying his motion to vacate default, the default judgment, or the minute order and written order denying his motion for reconsideration. We agree. Viguri's appeal of the default judgment and the order denying his motion to vacate default must be dismissed as untimely under relevant provisions of California Rules of Court, rules 2 and 3.[2] Further, to the extent the order denying Viguri's motion to reconsider may be independently appealable, we affirm such order.

### A

### Order Denying Motion to Vacate Default Is Not Appealable

■ The order denying Viguri's motion to vacate default—made before entry of the default judgment—is not independently appealable. ■ "Al-

---

[2] Rule 2(a) provides: "Except as otherwise provided by Code of Civil Procedure section 870 or other statute, a notice of appeal shall be filed within 60 days after the date of mailing notice of entry of judgment by the clerk of the court pursuant to section 664.5 of the Code of Civil Procedure, or within 60 days after the date of service of written notice of entry of judgment by any party upon the party filing the notice of appeal, or within 180 days after the date of entry of the judgment, whichever is earliest, unless the time is extended as provided in rule 3."

Rule 2(b) provides in relevant part: "(2) The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which case the date of entry shall be the date of filing of the signed order. (3) The date of entry of an appealable order which is not entered in the minutes shall be the date of filing of the order signed by the court."

Rule 3(b) provides: "When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time in which, under rule 2, a notice of appeal may be filed, or such shorter time as may be prescribed by statute, the time for filing the notice of appeal from the judgment is extended for all parties until the earliest of 30 days after entry of the order denying the motion to vacate; or 90 days after filing the first notice of intention to move to vacate the judgment; or 180 days after entry of the judgment."

All rule references are to the California Rules of Court.

though it may be reviewed on an appeal from the judgment, no direct appeal lies from an order denying a motion to vacate a default." (*Winter* v. *Rice* (1986) 176 Cal.App.3d 679, 682 [222 Cal.Rptr. 340]; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, §§ 41, 43, 80, pp. 64-65, 66-67, 103-104.) However, where, as here, "judgment was entered at the time of filing of a notice of appeal from such order, the notice may be construed to refer to the judgment thereby permitting review of the order." (*Winter* v. *Rice, supra,* at p. 682.) Thus, the propriety of the court's denying Viguri's motion to vacate default would be reviewable on a timely appeal from the judgment.

## B

### APPEAL FROM DEFAULT JUDGMENT IS UNTIMELY

■ On December 7, 1987, K. served Viguri with notice of entry of the default judgment. Under rule 2(a), Viguri's notice of appeal of the judgment should have been filed within 60 days. The notice of appeal was not filed until February 29, 1988, well beyond the 60-day limit. Thus, the appeal from the default judgment is untimely and must be dismissed.

## C

### MOTION TO RECONSIDER

### 1

■ On November 30, 1987, before entry of default judgment, Viguri filed a motion for reconsideration of the order denying his motion to vacate default.[3] After entry of the default judgment, the court denied reconsideration. Because the order denying Viguri's motion to vacate default was not an appealable order (*Winter* v. *Rice, supra,* 176 Cal.App.3d at p. 682), the order denying reconsideration of such order is not appealable. (*Blue Mountain Development Co.* v. *Carville* (1982) 132 Cal.App.3d 1005, 1010 [183 Cal.Rptr. 594].) "If the original ruling is not final and appealable in its own right, then it is not a judgment and an order denying reconsideration cannot be appealable." (*Ibid.,* cited with approval in *I. J. Weinrot & Son, Inc.* v. *Jackson* (1985) 40 Cal.3d 327, 331 [220 Cal.Rptr. 103, 708 P.2d 682].)

---

[3] Section 1008, subdivision (a), provides in relevant part: "When an application for an order has been made to a judge, or to the court, and refused in whole or in part . . . any party affected by the order may, within ten (10) days after knowledge of the order and based upon an alleged different state of facts may [*sic*], make application to the same judge who made the order, to reconsider the matter and modify, amend or revoke the prior order."

2

■ If we deem the motion to reconsider as seeking reconsideration of the default judgment incorporating the order denying relief from default, the notice of appeal would still be untimely. For purposes of rule 3, a motion for reconsideration under section 1008 is treated in the same manner as a motion for new trial or a motion to vacate. (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at p. 1009.) Timely filing of a motion to reconsider generally extends the time for filing a notice of appeal from the original ruling until 30 days after entry of the order denying reconsideration. (*Id.* at pp. 1009-1010.) On January 14, 1988, the order denying Viguri's motion to reconsider was entered. (Rule 2(b)(3).) However, notice of appeal was not filed until February 29, 1988, well beyond the 30-day limit. Thus, rule 3(b)'s 30-day extension does not help Viguri with respect to appealing the default judgment.

3

■ If we deem the order denying reconsideration to be an independently appealable order made after judgment (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at pp. 1010-1012), we find such order denying reconsideration was proper because of the absence of a showing by Viguri of newly discovered evidence. (*Id.* at pp. 1012-1014.) A party seeking reconsideration under section 1008 "must provide not only new evidence but also a satisfactory explanation for the failure to produce that evidence at an earlier time." (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at p. 1013.) "[T]he moving party's burden is the same as that of a party seeking new trial on the ground of 'newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at trial.'" (*Ibid.,* quoting § 657, subd. 4.) We presume, absent any contrary indication in the record, the basis of the court's ruling denying reconsideration was Viguri's failure to comply with the requirements of section 1008. (*Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at p. 1012.) On November 20, 1987, the court heard Viguri's motion to vacate. On November 30, 1987, Viguri filed his motion to reconsider. Viguri made no showing the assertedly new evidence submitted with his motion to reconsider was newly discovered after November 20 or with reasonable diligence could not have been discovered before November 20. Thus, the court could properly deny Viguri's reconsideration motion.[4]

---

[4] If we were to reach the merits of Viguri's motion to vacate default, we would find the superior court acted within its discretion in denying the motion. Viguri made no showing of "mistake, inadvertence, surprise, or excusable neglect" justifying relief under section 473. A review of the record discloses the persons upon whom Viguri relied to manage his affairs dur-

## III

## TRUCK'S APPEAL

Truck has appealed denial of its motion to vacate the default judgment against Viguri. K. contends Truck's appeal should be dismissed, asserting Truck's attempt to intervene did not comply with section 387's procedural requirements and Truck's notice of appeal is untimely. We deny K.'s motion to dismiss Truck's appeal. Further, we find the superior court should have granted Truck's section 473 motion to vacate.

## A

## K.'S MOTION TO DISMISS TRUCK'S APPEAL

## 1

## INTERVENTION

■ Reasonably read, the court's written order of January 14, 1988, indicates the court permitted Truck to intervene and then denied on the merits Truck's motion to vacate. Under section 387 the superior court had broad discretion to permit or deny intervention. (*County of Alameda* v. *Carleson* (1971) 5 Cal.3d 730, 736, fn. 4 [97 Cal.Rptr. 385, 488 P.2d 953].) We find the court acted within its discretion in permitting Truck to intervene.

K.'s reliance on *Kuperstein* v. *Superior Court* (1988) 204 Cal.App.3d 598 [251 Cal.Rptr. 385] is misplaced. In *Kuperstein* we granted a writ directing the superior court to deny an insurer leave to intervene. In *Kuperstein* the insurer sought to enlarge the issues raised by the original parties by requesting leave to file a complaint in intervention for a declaration it had no duty to defend or indemnify. Further, the insurer and its insured wanted factual issues resolved in opposite ways. The problems we identified in *Kuperstein* are not present here. Intervention by Truck was proper under *Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 884-886 [151 Cal.Rptr. 285, 587 P.2d 1098].

---

ing his incarceration simply failed to act diligently to respond to K.'s complaint so as to avoid default. Further, the record contains no evidence from Viguri himself personally explaining the circumstances surrounding entry of default or otherwise supporting his motion to vacate.

2

## Truck's Appeal Is Timely

█ K. contends Truck's time to appeal was limited to 60 days after service of notice of entry of judgment on December 7, 1987, plus any extension under rule 3. According to K., rule 3(b) would extend Truck's time to appeal until 30 days after entry of the order denying its motion to vacate. Under rule 2(b)(2), the date of entry of such order would be January 7, 1988, because the minute order of that date did not expressly direct a written order be prepared, signed and filed. Under rule 2(b)(3), the date of entry of such order would be January 14, 1988. According to K.'s theory, even if rule 3(b)'s 30-day period did not begin running until January 14, 1988, Truck's notice of appeal filed on March 8, 1988, was untimely. However, the order denying Truck's statutory motion under section 473 to vacate the default judgment was independently appealable as an order made after judgment. (Cf. *Howard* v. *Lufkin* (1988) 206 Cal.App.3d 297 [253 Cal.Rptr. 422]; *Tunis* v. *Barrow* (1986) 184 Cal.App.3d 1069, 1074-1075 [229 Cal.Rptr. 389]; *Blue Mountain Development Co.* v. *Carville, supra,* 132 Cal.App.3d at pp. 1010-1012; 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 114, pp. 130-132.) Thus, the timeliness under rule 2(a) of Truck's appeal of such order is calculated with reference to entry of such order, not with reference to entry of the default judgment. (*Tunis* v. *Barrow, supra,* at p. 1075.)

On December 2, 1987, under authority of *Clemmer* v. *Hartford Insurance Co., supra,* 22 Cal.3d at pages 884-886, Truck filed its motion to vacate the default judgment entered against Viguri. On January 7, 1988, by minute order the court denied Truck's motion to vacate. The same day the clerk mailed the minute order to Truck. On January 14, 1988, the court signed and filed a written order denying Viguri's motion for reconsideration and denying Truck's motion to vacate. The record contains no proof such written order was served on Truck. On March 8, 1988, Truck filed its notice of appeal. Truck's notice of appeal was timely.

█ The clerk's merely mailing the minute order to Truck on January 7, 1988, did not constitute mailing notice of entry of the order under section 664.5. (*S. M. Trading, Inc.* v. *Kono* (1988) 198 Cal.App.3d 749 [243 Cal.Rptr. 707]; *In re Marriage of Kepley* (1987) 193 Cal.App.3d 946 [238 Cal.Rptr. 691].) There is no indication of mailing or service of notice of entry of the January 14, 1988, written order. Thus, rule 2(a)'s 60-day limitation does not apply here. Instead, the applicable portion of rule 2(a) is its 180-day limitation. Truck's appeal was filed well within 180 days after entry of the January 7, 1988, order denying its motion to vacate default.

K.'s motion to dismiss Truck's appeal must be denied.

## B

### DENIAL OF TRUCK'S MOTION TO VACATE WAS IMPROPER

 Truck contends the court abused its discretion in denying its motion to vacate the default judgment entered against Viguri. Asserting before entry of default it did not know of K.'s claim against Viguri and was thus unable to extend a defense, Truck contends the court should have vacated the default judgment based upon such "mistake, inadvertence, surprise, or excusable neglect." (§ 473.)[5] We agree. Viguri did not notify Truck of K.'s lawsuit or request defense under the Truck policy until after entry of default. Once it had notice of K.'s action, Truck acted within a reasonable time to assume control and management of the lawsuit by tendering defense to Viguri and bringing its motion to vacate. (*Clemmer* v. *Hartford Insurance Co., supra,* 22 Cal.3d at pp. 885-886.) On this record the court should have granted Truck relief under section 473.

### 1

### FACTS

Viguri was insured under a Fire Insurance Exchange (Fire) homeowner policy and a Truck business premises liability policy. Fire and Truck are among several insurers in the Farmers Reciprocal Inter-Insurance Exchange. Fire, Truck and Farmers Insurance Exchange each has a separate annual financial statement and employer identification number. Fire and Truck have San Diego South branch claims offices at the same address as Farmers Insurance Group's (Farmers) San Diego South branch claims office.

On July 21, 1987, Attorney Ronis sent a copy of K.'s complaint to Jim Williams of Farmers' South San Diego branch office. In his cover letter Ronis wrote: "Pursuant to the coverage *my client* has with your company, contained in his *homeowners policy,* it appears there exist coverage for at least two of the three causes of action contained in the complaint. [¶] Please be advised that I have been in contact with the plaintiff's attorney . . . and *he has graciously granted an extension of time within which to answer* pend-

---

[5] Section 473 provides in relevant part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. Application for such relief must be . . . made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken . . . ."

ing our investigation. Please review the enclosed lawsuit, and contact me once you have had an opportunity to ascertain whether or not Farmers will be willing to tender defense of this lawsuit." (Italics added.) Ronis's letter did not refer to a policy number. At that time Ronis did not know of the Truck business premises policy.

On July 27, 1987, Williams as Fire's branch claims manager wrote Ronis: "[W]e are opening a file on this matter to review the coverage and defense aspects of the claim at this time. [¶] When the file has been reviewed by the appropriate people, we will advise you of our position." Williams's letter referred to the Fire policy number.

On July 30, 1987, Don McCurley as Fire's claims representative wrote Ronis acknowledging Ronis's representation of Viguri and requesting all further correspondence be addressed to McCurley.

On August 11, 1987, McCurley as Fire's senior claims representative replied to Ronis's July 21 request for a "defense for your client, Dr. Viguri." McCurley wrote: "Based upon what I can see initially, the type of coverage that would apply to this type of incident appears to fall under business liability coverage. I have not been able to contact Dr. Viguri as I understand he is not in town, and I would appreciate hearing from you whether or not his Malpractice Insurer has been placed on notice referencing the aforementioned claim. [¶] Lastly, if you have knowledge that his Homeowners Policy would specifically cover some act or negligence associated with this particular claim, please advise me immediately." McCurley's letter referred to the Fire policy number.

On September 4, 1987, the clerk entered Viguri's default.

On September 15, 1987, Ronis sent McCurley a copy of Viguri's homeowner policy. In his cover letter Ronis wrote: "Dr. Viguri does not have a malpractice policy. We currently are checking to see if there is a business liability policy other than the policy with Truck Insurance Exchange, policy number 99 1482 38 93." With his letter Ronis enclosed a "copy of the Answer to the complaint."

On October 29, 1987, Ronis's associate Teague told McCurley the prove-up hearing was scheduled for the next day, Viguri required a defense, and an attorney from Farmers was needed to request a continuance. Teague cited to McCurley the case of *Clemmer* v. *Hartford Insurance Co., supra,* 22 Cal.3d 865.

On October 30, 1987, Viguri through Attorney Ronis noticed a motion to vacate default. The court continued K.'s default prove-up hearing until

after the hearing on Viguri's motion to vacate. The same day Teague sent McCurley a copy of Viguri's motion and supporting papers. Teague wrote McCurley: "We need to have an answer as soon as possible as to whether you are going to tender a defense in this matter."

On November 9, 1987, McCurley as Fire's senior claims representative wrote Teague: "As you are aware, this office has submitted the request for coverage to our company for review. It is doubtful that a decision will be rendered prior to November 11, 1987, the apparent date of the hearing to set aside the default. [¶] Based upon your letter of September 15, 1987, we acknowledge that you have filed an answer on behalf of Dr. Viguri, and your office will continue to do what is necessary to protect his interests. [¶] In the meantime, I will follow up with the coverage decision and advise you as soon as I am informed."

On November 18, 1987, Teague notified McCurley the hearing on Viguri's motion to set aside default was scheduled for November 20, 1987. Teague wrote: "Please extend coverage and/or a defense in this case."

On November 19, 1987, Truck extended legal defense to Viguri under reservation of rights.

On November 20, 1987, the court heard and took under submission Viguri's motion to vacate default.

On November 23, 1987, the court issued a minute order denying Viguri's motion to vacate.

On November 24, 1987, Williams notified Teague in writing that Truck had decided to provide Viguri a defense under reservation of rights. Williams also stated Fire denied Viguri coverage and defense.

On November 30, 1987, counsel provided by Truck filed a motion on Viguri's behalf to reconsider denial of the motion to vacate.

On December 1, 1987, the court signed and filed default judgment against Viguri.

On December 2, 1987, the clerk entered the default judgment.

On December 2, 1987, Truck as intervener filed its own motion to vacate the default judgment against Viguri.

2

DISCUSSION

An order denying relief from default " 'is subject to closer appellate scrutiny than one granting relief, and doubts will be resolved in favor of the party attempting to get to trial.' [Citation.]" (*Lovato* v. *Santa Fe Internat. Corp.* (1984) 151 Cal.App.3d 549, 554 [198 Cal.Rptr. 838].) Even when the showing under section 473 is not strong, when there is doubt about setting aside a default, such doubt should be resolved in favor of relief. (*Rosenthal* v. *Garner* (1983) 142 Cal.App.3d 891, 898 [191 Cal.Rptr. 300].)

"Where, as here, the trial court denies the motion for relief from default, the strong policy in favor of trial on the merits conflicts with the general rule of deference to the trial court's exercise of discretion. [Citation.] Unless inexcusable neglect is clear, the policy favoring trial on the merits prevails. [Citation.] Doubts are resolved in favor of the application for relief from default [citation], and reversal of an order denying relief results [citation]." (*Elston* v. *City of Turlock* (1985) 38 Cal.3d 227, 235 [211 Cal.Rptr. 416, 695 P.2d 713].)

On this record the superior court should have found Truck was entitled to relief under section 473. The default was taken through no inexcusable neglect by Truck. Truck then made timely application to protect its interests.

On September 4, 1987, Viguri's default was entered. The record contains no evidence Truck was notified or otherwise actually knew before September 15, 1987, Viguri was requesting defense or coverage under Truck's business premises liability policy. The mere fact McCurley and Williams as agents of entities related to Truck knew in July 1987 of K.'s lawsuit and Viguri's request for defense under the Fire policy does not show they actually knew of the existence of Viguri's Truck policy. Neither does the fact they handled Viguri's tender of defense under the Fire policy show they should have known a policy issued by Truck might provide coverage for Viguri. The evidence does not support a conclusion McCurley and Williams actually knew or had reason to know of any claim by Viguri under the Truck policy before September 15, 1987. Nothing in the record would impute to Truck before such date notice of any claim by Viguri under its policy. Moreover, K. has cited no statutory or decisional authority imposing on an insurer under such circumstances any duty to investigate or discover the existence of a policy possibly providing coverage. We note the insurance

contract here imposed on Viguri the responsibility to notify Truck of a loss giving rise to a claim under the policy. Viguri waited until September 15, 1987, to give such notice.

Further, the record contains no evidence Truck was notified or otherwise knew before October 29, 1987, default had been entered on K.'s complaint against Viguri. Ronis's September 15, 1987, letter to McCurley gave no inkling default had already been entered, enclosed a copy of an answer to K.'s complaint, and suggested Ronis was acting to protect Viguri's interests. On October 30, 1987, Ronis on Viguri's behalf filed a motion to vacate default. On November 23, 1987, that motion was denied. On November 30, 1987, counsel provided by Truck filed a motion on Viguri's behalf to reconsider denial of the motion to vacate. On December 2, 1987, little more than a month after learning of entry of default, Truck as intervener filed its own motion to vacate.

The evidence necessitates a finding Truck made a case compelling relief and filed its motion under section 473 within a reasonable time. (*Clemmer v. Hartford Insurance Co., supra,* 22 Cal.3d at p. 886.) On this record the court acted beyond its discretion in denying Truck relief under section 473. The court should have granted Truck's motion to vacate.

C

## K. IS ENTITLED TO COSTS AND ATTORNEY FEES

 Section 473 permits the court to grant relief "upon such terms as may be just." The court may properly order payment of costs or attorney fees to the adverse party as compensation for loss or expense occasioned by the granting of the section 473 motion. (*Hearst* v. *Ferrante* (1987) 189 Cal.App.3d 201, 204 [234 Cal.Rptr. 385]; *Hansen* v. *Snap-Tite, Inc.* (1972) 23 Cal.App.3d 208, 213 [100 Cal.Rptr. 51].) Accordingly, as a condition to relief from default under section 473, Truck is to pay K. reasonable costs and attorney fees in an amount to be determined by the superior court.

### DISPOSITION

Viguri's appeal from the default judgment and the order denying his motion to vacate default is dismissed as untimely. The order denying Viguri's motion to reconsider is affirmed.

The motion to dismiss Truck Insurance Exchange's appeal is denied. The order denying Truck's motion to vacate the default judgment is reversed. As a condition to relief from the default judgment, respondents are awarded reasonable costs and attorney fees from Truck in an amount to be determined by the superior court. Further, in order that Viguri's assets will be preserved so far as possible to satisfy any judgment favoring respondents against Viguri if Truck prevails in the declaratory relief action involving Viguri, the superior court is directed to frame and issue appropriate orders restraining Viguri from transferring, encumbering, hypothecating, concealing or in any way disposing of his assets during the course of this litigation.

Respondents to have costs on appeal.

Wiener, J., and Huffman, J., concurred.

A petition for a rehearing was denied June 29, 1989, and respondents' petition for review by the Supreme Court was denied August 30, 1989.