*Supp. 3 Opinion
SOVEN, J.
State Farm Mutual Automobile Insurance Company appeals from an order denying its motion to intervene in an action against its insured, defendant Kim. We conclude the trial court abused its discretion in denying the motion to intervene, and we reverse.
Background
The underlying matter is an action for personal injuries and property damage arising out of an automobile accident which occurred in August 1990. Defendant Kim was insured by State Farm. In February 1991, State Farm took defendant Kim’s statement, but despite many efforts, this was apparently the last communication State Farm had with defendant. Plaintiff filed and served its complaint against defendant Kim in May 1991. State Farm retained counsel for defendant, and an answer was filed in September 1991. Plaintiff served interrogatories and related discovery requests in October 1991. Defendant who, as noted, could not be located, did not respond. In April 1992, the trial court ordered defendant to comply with the discovery requests and imposed monetary sanctions. No response was filed. In September 1992, plaintiff filed a motion seeking further sanctions against defendant and his attorney. Defendant’s counsel opposed the motion only as against counsel, declaring, in summary, that defendant had ignored all communications from State Farm and the attorneys. In December 1992, the trial court ordered that defendant’s answer be stricken and that his default be entered.
That month, State Farm filed its motion for an order granting leave to intervene for all purposes, a proposed complaint in intervention, and a motion to vacate the default. The trial court, as noted, denied State Farm’s motion to intervene; the motion to vacate was taken off calendar as moot.
After State Farm filed its notice of appeal in this case, State Farm filed a complaint in the superior court for declaratory relief against plaintiffs in the underlying action. The complaint details the events described above and seeks a declaration that State Farm has no duty to indemnify defendant for any judgment entered in plaintiff’s favor in the underlying case.
Discussion
An insurer may, in some circumstances, intervene and set aside a default against its insured as to itself. (Jade K. v. Viguri (1989) 210 Cal.App.3d 1459, 1468, 1470 [258 Cal.Rptr. 907]; see also, Elsea v. Saberi *Supp. 4 (1992) 4 Cal.App.4th 625, 629-630 [5 Cal.Rptr.2d 742].)[1] Jade K. relied on Clemmer v. Hartford Insurance Co. (1978) 22 Cal.3d 865 [151 Cal.Rptr. 285, 587 P.2d 1098], in which the plaintiff obtained a judgment against the defendant’s insured and sued the insurance company under Insurance Code section 11580. Clemmer held that the insurance company was bound by the damages obtained against the noncooperating defendant insured in the underlying case, because the insurer at no time sought to have the default judgment set aside on any ground. (22 Cal.3d at pp. 884-885.)
Clemmer was the first case to discuss the right of an insurance company to vacate a default or judgment obtained against its insured. The court quoted from Code of Civil Procedure section 473: “ ‘The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment. . . taken against him through his mistake, inadvertence, surprise or excusable neglect.’ (Italics added.) The term ‘legal representative’ has been interpreted with considerable liberality to permit one who would not normally be considered a ‘representative’ of a party but has a sufficient interest in the action to maintain the motion. [Citations.] . . .” (Clemmer v. Hartford Insurance Co., supra, 22 Cal.3d at p. 885.) The court ruled: “The standing of [the insurance company] to set aside the default judgment which it might otherwise be required to satisfy is therefore clear.” (Id., at p. 886.)
We are satisfied that under Clemmer, unless State Farm is allowed to intervene, it may have no other opportunity to litigate fault or damage issues in any action brought by plaintiff on its judgment under Insurance Code section 11580.[2]
Moreover, State Farm has presented another reason it should be permitted to intervene. In the underlying action, it would be plaintiffs burden to prove liability and damages. If State Farm is required to defend itself against a judgment in plaintiffs favor, the burden will be on State Farm to prove that any breach of the cooperation clause resulted in prejudice to the insurer. (Clemmer v. Hartford Insurance Co., supra, 22 Cal.3d at p. 882.) This means an insurer “must establish at the very least that if the cooperation clause had not been breached there was a substantial likelihood the trier of fact would *Supp. 5 have found in the insured’s favor.” (Billington v. Interinsurance Exchange (1969) 71 Cal.2d 728, 737 [79 Cal.Rptr. 326, 456 P.2d 982].) Thus, the burden of proof would be reversed if State Farm is not permitted to intervene.
In reversing the trial court, we leave unresolved at least two issues. First, we do not decide whether the trial court should grant State Farm’s motion to vacate the default as to itself.[3] Second, State Farm as noted, has since filed a declaratory relief action against plaintiffs in the superior court. State Farm cannot have it both ways. In this action, State Farm would be aligned with its insured; in the declaratory relief action, State Farm’s position is adverse to its insured. On remand, either State Farm must choose before the trial court rules on State Farm’s motions or the trial court would be entitled to grant conditional relief.
The order denying appellant’s motion to intervene is reversed, and the matter remanded to the trial court for further proceedings consistent with the views expressed in this opinion. Appellant to recover costs on appeal.
Roberson, P. J., and Johnson, J., concurred.

Even if the intervener or insurance company is entitled to have the default set aside to permit the insurance company to present a defense, the default and judgment stand as against the defendant insured. (See Jade K. v. Viguri, supra, 210 Cal.App.3d 1459, 1467, fn. 4.)

Indeed, there is a suggestion in Clemmer that an insurer which does not take the opportunity to intervene and vacate a judgment in the action against the insured may not be permitted to show prejudice based on the insured’s failure to cooperate in the later action by the plaintiff against the insurance company. (See Clemmer v. Hartford Insurance Co., supra, 22 Cal 3d. at p. 886 [“Having failed to pursue remedies thus available to it, it cannot now claim prejudice or lack of opportunity to litigate damages.”].)

A default may be vacated upon a showing that the default was taken through “mistake, inadvertence, surprise, or neglect.” (Code Civ. Proc., § 473.) State Farm learned about the accident through plaintiffs insurer in August 1990, began investigating immediately, and, as noted, took defendant Kim’s statement in February 1991. By August 1991, State Farm knew it could not locate defendant Meanwhile, plaintiffs had initiated routine discovery requests. On this record, it is unclear whether State Farm could have avoided the trial court’s inevitable terminating-discovery sanction by furnishing the requested information, verified by defendant’s attorney. (See Code Civ. Proc., § 2033, subd. (g).)
There appears to be no body of law discussing when a default should be vacated as against the insurer. In Sunseri v. Camperos Del Valle Stables, Inc. (1986) 185 Cal.App.3d 559, 561-562 [230 Cal.Rptr. 23], the insurer was not allowed to vacate a stipulated judgment because the insurer had refused to defend the insured. In Lipson v. Jordache Enterprises, Inc. (1992) 9 Cal.App.4th 151, 161 [11 Cal.Rptr.2d 271], the insurer was allowed to vacate a default because, after refusing to defend the insured, the complaint was amended to add claims arguably covered under the insurance policy.