Filed 8/18/21  Espinoza v. Ponce CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSALINA ESPINOZA et al., | D078096 |
| Plaintiffs and Appellants, | (Super. Ct. No. ECU000118) |
| v. | |
| JOSE PONCE et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Imperial County, Jeffrey B. Jones, Judge.  Affirmed.

Law Office of Elliott Kanter and Elliott Kanter for Plaintiffs and Appellants.

The Viviano Law Firm, Charles A. Viviano; Blain Morrison Law Corporation and Rebecca Blain Morrison for Defendants and Respondents.

Rosalina Espinoza, Sylvia Espinoza, and Jesus Espinoza (collectively, plaintiffs) brought a personal injury action against the Imperial Irrigation District (IID), a government entity, and its employee, Jose Ponce (collectively, defendants).  Based on its finding that plaintiffs failed to comply with the claim presentation requirements of the Government Claims Act (Gov. Code,

§ 910 et seq.), the trial court entered judgment in favor of the IID. Plaintiffs filed a motion for a new trial and judgment notwithstanding the verdict, based on what they characterized as newly discovered evidence relevant to the submission of their claim forms under the Government Claims Act. The trial court denied plaintiffs' motion. After the time to appeal the judgment had expired, plaintiffs brought a new motion—this time requesting that the court reconsider the final judgment "on its own motion." They again reasserted that newly discovered evidence warranted the trial court's reconsideration. The trial court's order denying the latter motion is the subject of this appeal. Because the trial court did not have the authority to reconsider the final judgment on its own motion under the circumstances of this case—either as an exercise of its inherent authority or pursuant to statute—we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

In April 2017, plaintiffs were struck by a Freightliner 108 Dumpster which Ponce was driving within the scope of his employment for the IID.[1]

In September 2017, an employee of plaintiffs' former counsel mailed certain claim forms that are required prior to initiating a lawsuit against the

---

[1] The complaint and the answer were not included in the record on appeal. We take these facts from portions of the record that were provided, including the parties' trial briefs, the claim forms, and various pleadings. In addition, other than one citation to the trial court's ruling, plaintiffs failed to include any record citations in their opening and reply briefs. "California Rules of Court, rule 8.204(a)(1)(C) requires every reference to a matter in the appellate record be supported with a citation to the volume and page number of the record where the matter appears. The rule applies wherever a reference to a matter in the record appears in a brief." (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 967, 990.) Because plaintiffs violated these requirements, we may disregard their arguments. (*Grant-Burton v. Covenant Care, Inc.* (2002) 99 Cal.App.4th 1361, 1379.) We nonetheless exercise our discretion to consider the merits of plaintiffs' appeal. (*Ibid.*)

IID; the forms were sent to the IID's attention at a post office box in El Centro, California (P.O. Box 3190).[2] In November 2017, plaintiffs filed a personal injury action against the defendants. After the lawsuit was filed, plaintiffs retained their current counsel.

In defense of the lawsuit, the IID alleged it never received plaintiffs' claim forms. The trial court bifurcated the issue of plaintiffs' compliance with the claim presentation requirements under the Government Claims Act. During the bench trial, the court heard testimony from the employee of plaintiffs' former counsel who mailed the claim forms to the IID. She testified she received an e-mail from the IID with an attached claim form containing an El Centro post office box address (P.O. Box 3190). By contrast, an employee from the IID testified that she sent the employee of plaintiffs' former counsel an e-mail with an attached claim form containing a post office box address in Imperial, California (P.O. Box 937).[3] The original e-mail and the attached claim form, however, were not presented to the trial court.

After hearing from plaintiffs' witness and receiving evidence from the parties, the trial court tentatively ruled in the IID's favor. The court concluded plaintiffs had failed to show by a preponderance of the evidence that the IID sent former counsel a claim form with the El Centro address. The trial court found plaintiffs' failure to provide the court with the original e-mail and attachment cast doubt on the testimony provided by former counsel's employee. Her testimony was further undermined by the certified mailing of the claim forms, which showed they were delivered approximately

---

[2] The claim presentation requirements (including submission of claim forms) are summarized in the Discussion section (see footnote 6, *post*).

[3] In the remainder of this opinion, we refer to P.O. Box 3190 as the El Centro address and P.O. Box 937 as the Imperial address.

three months after mailing and well after the statutory time limit for submitting the claims, and yet no follow-up was done to ascertain the delivery status.

On November 26, 2019, the tentative ruling became final and the trial court entered judgment against the plaintiffs. There is no indication in the record that plaintiffs appealed the judgment.

Plaintiffs sued their former counsel for legal malpractice. During discovery, plaintiffs issued a subpoena to the IID for the e-mails sent to former counsel with the claim forms. The e-mails which the IID produced demonstrated that on May 16, 2017, the IID sent former counsel an e-mail with an attached claim form titled "Claim Form 3.2017.pdf," which contained the El Centro address. The IID sent another e-mail on May 31, 2017 with an attachment also titled "Claim Form 3.2017.pdf." The IID did not produce the attachment to the May 31, 2017 e-mail. The IID sent an e-mail to plaintiffs' current counsel on December 18, 2017 with an attached claim form titled "Claim Form.pdf." This claim form contained the Imperial address.

In February 2020, plaintiffs moved for a new trial under Code of Civil Procedure section 656, or in the alternative, a judgment notwithstanding the verdict.[4] Plaintiffs contended that after analyzing the metadata from the e-mails the IID sent to former counsel, plaintiffs discovered the IID had provided former counsel with the El Centro address. In other words, plaintiffs obtained the El Centro address from the IID itself and they sent their claim forms to that address. Plaintiffs supported the motion with the e-mail metadata. In plaintiffs' reply, current counsel provided a declaration, explaining he was unaware metadata for e-mails existed and only learned of

---

[4] All subsequent statutory references are to the Code of Civil Procedure unless otherwise indicated.

4

it after the trial court's November 2019 ruling. Specifically, counsel stated: "On the [b]ifurcated trial [date], I was not aware that there would be meta data showing if indeed what was being offered was in actuality accurate. . . . I did not even know where to look for that meta data on and [*sic*] email. It was only after the trial and discussions with other persons did I learn how to look for it. It was then that I saw the meta data from [plaintiffs' former counsel] that showed the claim form with the [El Centro address] came from the IID."

After a hearing, the trial court denied plaintiffs' motion. As to the motion for a new trial, the trial court found the metadata evidence required expert testimony to verify the evidence had not been manipulated, which plaintiffs failed to provide. The trial court was also unconvinced the e-mail metadata could not have been discovered with reasonable diligence prior to the bench trial, and thus plaintiffs failed to meet the requirements for a new trial.

Nearly nine months after entry of judgment, plaintiffs filed a "motion for court's own motion for reconsideration," requesting that the trial court reconsider its final judgment on its own motion. Plaintiffs contended the trial court was authorized to reconsider its prior ruling on its own motion at any time and for any purpose. Plaintiffs further contended reconsideration was warranted and they should be relieved of the claim presentation requirements, because the e-mails produced during the legal malpractice suit showed the IID had withheld evidence, committed perjury, and lied to the trial court. To support the motion, plaintiffs provided current counsel's declaration, along with the e-mails and attachments the IID produced during the legal malpractice suit and the shipping label former counsel created for the claim forms.

5

In opposition, the defendants contended plaintiffs' motion was untimely because it was not filed within 10 days after entry of judgment. Defendants further contended there was no good cause to support reconsideration, because the motion did not present any new arguments or evidence not previously presented to the trial court. Defendants requested the trial court take judicial notice of the complaint filed in plaintiffs' legal malpractice suit.

Plaintiffs contended in reply that the trial court was authorized to bring its own motion for reconsideration at any time and for any purpose, and their motion was therefore timely. Plaintiffs also contended the IID e-mails were new evidence warranting the trial court to bring its own motion for reconsideration to correct its erroneous ruling.

At the hearing, the trial court stated its intention to deny plaintiffs' motion. The trial court found its inherent authority to revisit a prior ruling only applied to interim orders and not final judgments. The trial court also noted that, where a trial court granted reconsideration on its own motion, those cases involved a prior order that was incorrect when the trial court originally ruled. According to the trial court, a motion for reconsideration based on consideration of new evidence must be presented under the reconsideration statute.[5] After hearing argument, the trial court confirmed its tentative ruling denying plaintiffs' motion. Plaintiffs appealed.

---

[5] The court explained: "If you go through each and every case where the [c]ourt has found to have inherent authority to reconsider an interim ruling, in all of those cases the [c]ourt was persuaded that the order was incorrect when it was made based on the state of affairs at that time and not based on new evidence or new considerations that weren't presented at the time. [¶] It is my position that under [section] 1008, if the [c]ourt needs to look at something that happened after the hearing, if you will, or something that wasn't presented at the hearing or some other state of affairs, then [section] 1008 specifies the jurisdiction of the [c]ourt."

6

DISCUSSION

Plaintiffs contend they obtained new information demonstrating the IID "lied to, grossly misrepresented, and fraudulent[ly] provided false testimony and evidence" relating to their Government Claims Act forms, and the outcome of their case would have been "completely different" if the trial court had this information when it ruled in November 2019.[6] Plaintiffs contend that, because the "trial court has the authority to reconsider any prior final judgment," the court erred when it denied plaintiffs' "[m]otion for the [c]ourt's own [m]otion for [r]econsideration."

Whether it is construed as a request for the trial court to exercise its inherent authority to reconsider its prior ruling, or instead as a reconsideration or renewal request pursuant to section 1008, plaintiffs' motion lacks merit and we reject plaintiffs' claims of error on appeal.

A. *Governing Legal Principles and Standard of Review*

Section 1008, subdivision (a) authorizes a party to seek reconsideration of an adverse order "based upon new or different facts, circumstances, or law." Similarly, pursuant to section 1008, subdivision (b), "[a] party who originally made an application for an order which was refused in whole or part . . . may make a subsequent application for the same order upon new or different facts, circumstances, or law" set forth in an accompanying affidavit.

---

[6]    In general, before a complaint for money or damages may be filed against a public entity on a cause of action relating to personal injuries, the plaintiff must present a written claim for damages to the public entity, and the claim must be acted upon or deemed rejected. (Gov. Code, §§ 900.4 [local public entity includes a district], 905, 910, 945.4.) A written claim for personal injury must be presented to the public entity no later than six months after the accrual of the cause of action. (*Id.*, § 911.2, subd. (a).) A plaintiff who fails to timely comply with the prelawsuit claim requirements is barred from bringing an action against the public entity. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 734.)

7

(See *Global Protein Products, Inc. v. Le* (2019) 42 Cal.App.5th 352, 362 ["Section 1008 describes applications for reconsiderations of court orders (§ 1008, subd. (a)) and renewals of previous motions (§ 1008, subd. (b))."].)[7] The moving party must "show diligence with a satisfactory explanation for not presenting the new or different information earlier . . . ." (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 833 (*Even Zohar*).)

Further, "[i]f a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order." (§ 1008, subd. (c); see *Phillips v. Sprint PCS* (2012) 209 Cal.App.4th 758, 768 (*Phillips*) [" '[W]hen a trial court concludes there has been a change of law that warrants reconsideration of a prior order, it has jurisdiction to reconsider and change its order' "].) Section 1008, subdivision (e), provides in pertinent part: "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion . . . . No application to reconsider any order or for the renewal of a previous motion may be considered by any judge or court unless made according to this section."

"Even without a change of law, a trial court has the inherent power to reconsider its prior rulings on its own motion at any time before entry of judgment." (*State of California v. Superior Court (Flynn)* (2016) 4 Cal.App.5th 94, 100.) As our Supreme Court explained in *Le Francois v.*

---

[7] A reconsideration motion under section 1008, subdivision (a) must be made within 10 days after service of notice of entry of the order. (§ 1008, subd. (a).) The 10-day time limitation does not apply to a party's renewed motion under section 1008, subdivision (b). (§ 1008, subd. (b).)

*Goel* (2005) 35 Cal.4th 1094 (*Le Francois*), while section 1008 limits "the parties' ability to file repetitive motions," it does "not limit the court's ability, on its own motion, to reconsider its prior interim orders so it may correct its own errors." (*Le Francois*, at p. 1107.)

We review de novo "claims that the trial court incorrectly interpreted and applied statutory and constitutional law." (*In re Marriage of Spector* (2018) 24 Cal.App.5th 201, 207 (*Spector*).) We review a trial court's ruling on a motion for reconsideration under the abuse of discretion standard. (*New York Times Co. v. Superior Court* (2005) 135 Cal.App.4th 206, 212 (*New York Times*).)

B. *Court's Inherent Authority to Reconsider Prior Rulings*

Relying on *Le Francois*, plaintiffs contend a trial court may reconsider *any* prior ruling, interim or final, on its own motion. Although trial courts have the inherent authority to reconsider certain rulings in certain circumstances, *Le Francois* does not assist plaintiffs here. Plaintiffs effectively seek to *require* the trial court to exercise its sua sponte authority, and they request that the court reconsider a final judgment after the time to appeal that judgment has long since expired. As we discuss, there is no support for plaintiffs' position.

In *Le Francois*, the trial court denied defendants' motion for summary judgment.[8] (*Le Francois, supra*, 35 Cal.4th at p. 1096.) Over a year later, some of the defendants moved for summary judgment again on the same grounds, and the trial court granted the motion. (*Ibid*.) The California Supreme Court granted review to address a conflict among the Courts of Appeal regarding whether section 1008, as well as a similar provision in the

---

[8] An order denying summary judgment is a nonappealable order. (*Doran v. Magan* (1999) 76 Cal.App.4th 1287, 1294.)

9

summary judgment statute, limits the court's inherent power to reverse one of its earlier rulings. (*Id.* at pp. 1099-1101.) Our Supreme Court concluded that although a party's ability to bring a motion for reconsideration is limited by the reconsideration statutes, a trial court has the inherent authority to correct a judicial error in an interim order, as long as the court gives the parties notice that it intends to reconsider its ruling and a reasonable opportunity to litigate the question. (*Id.* at pp. 1096-1097.)

Other courts similarly have held that a trial court retains the inherent authority, on the court's own motion, to reconsider a prior interim ruling. (See, e.g., *Phillips, supra*, 209 Cal.App.4th at p. 768 [addressing whether trial court has the authority to reconsider a prejudgment appealable order, and concluding the court had the inherent authority to revisit its prior interim order, based on an intervening change of law, "at any time prior to entry of judgment"]; *Boschetti v. Pacific Bay Investments Inc.* (2019) 32 Cal.App.5th 1059, 1064, 1070 [trial court reconsidered its earlier order staying the action based on the court's own realization that its ruling was erroneous]; *Cox v. Bonni* (2018) 30 Cal.App.5th 287, 312-313 [affirming trial court's reconsideration on its own motion of a prior order vacating an arbitration award].) Here, the trial court did not conclude on its own that one of its prior interim rulings was incorrect and needed to be revisited. Instead, plaintiffs tried to persuade the court to revisit a prior ruling by filing their "motion for

the court's own motion for reconsideration."[9]  However, plaintiffs cite no authority which *compels* a trial court to reconsider its prior ruling on its own motion, even when prompted to do so by one of the parties before it.  To the contrary, "[t]he court need not rule on any suggestion that it should reconsider a previous ruling and, without more, another party would not be expected to respond to such a suggestion."  (*Le Francois*, *supra*, 35 Cal.4th at p. 1108.)  Thus, while parties may "suggest" to the court that it might reconsider its ruling, they cannot force the issue as plaintiffs attempted to do here.  (*Ibid*.)  On the facts of this case, the court did not abuse its discretion when it declined to exercise its inherent discretionary authority to reconsider its prior ruling.

Further, the procedural posture of the case is significant, and here, it bars plaintiffs from obtaining the relief they seek.  As previously discussed, the trial court entered judgment in the defendants' favor in November 2019, and plaintiffs failed to appeal from that judgment.  Instead, approximately

---

[9]    We need not address whether plaintiffs' written motion was the proper procedural mechanism for asking the trial court to reconsider its ruling.  *Le Francois* explained that "[u]nless the requirements of section . . . 1008 are satisfied, any action to reconsider a prior interim order must formally begin with the court on its own motion."  (*Le Francois*, *supra*, 35 Cal.4th at p. 1108.)  However, the *Le Francois* court also found it does "not matter whether the 'judge has an unprovoked flash of understanding in the middle of the night' [citation] or acts in response to a party's suggestion.  If a court believes one of its prior interim orders was erroneous, it should be able to correct that error no matter how it came to acquire that belief."  (*Ibid*.; see *In re Marriage of Herr* (2009) 174 Cal.App.4th 1463, 1469 ["[I]f a court believes one of its prior orders was erroneous, it may correct that error no matter how it came to acquire that belief."]; accord, *In re Marriage of Barthold* (2008) 158 Cal.App.4th 1301, 1309 (*Barthold*) ["Thus, it is clear that a party's filing of a motion for reconsideration in violation of the reconsideration statutes does not erect a permanent, insurmountable barrier to reconsideration by the trial court on its own motion."].)

11

nine months later, plaintiffs filed their "motion for the court's own motion" for reconsideration,[10] contending new evidence demonstrated they complied with the Government Claims Act, or they should be relieved from the Act's claim presentation requirements.

Plaintiffs cite no authority, and we are aware of none, that permits the trial court to reconsider a final judgment brought after the time to appeal that judgment has expired, as was the case here. The California Supreme Court in *Le Francois* expressly cautioned that a court's inherent authority "to reconsider *interim* orders does not necessarily apply to *final* orders, which present quite different concerns." (*Le Francois*, *supra*, 35 Cal.4th at p. 1105, fn. 4.) Similarly, *Barthold* held that the trial court may reconsider a prior final order on the court's own motion where the time to appeal had not expired. (*Barthold*, *supra*, 158 Cal.App.4th at pp. 1312, 1313, fn. 9.) The *Barthold* court noted, however, that "this appeal does not present, and we therefore do not decide, the issue whether a trial court can reconsider an appealable order on its own motion after the time to appeal from that order has expired. This circumstance may well have been the issue the [California] Supreme Court had in mind when it indicated in *Le Francois* that '. . . final orders . . . present quite different concerns' from interim orders." (*Id.* at p. 1313, fn. 9; see *Spector*, *supra*, 24 Cal.App.5th at p. 215 [agreeing with *Barthold* that a trial court's inherent authority to reconsider prior rulings may extend to final orders as long as the time for appeal has not yet run].)

The trial court did not err in concluding it lacked the discretionary authority to reconsider its prior ruling on its own motion. Plaintiffs asked the trial court to "bring its own motion" to reexamine the November 2019

---

[10]    Plaintiffs also filed a prior motion for a new trial, or in the alternative a motion for judgment notwithstanding the verdict.

12

judgment in favor of the IID.[11] " 'A court may reconsider its order granting or denying a motion and may even reconsider or alter its judgment so long as judgment has not yet been entered.  Once judgment has been entered, however, the court may not reconsider it and loses its unrestricted power to change the judgment.' "  (*APRI Ins. Co. S.A. v. Superior Court* (1999) 76 Cal.App.4th 176, 181-182; see also *Ballona Wetlands Land Trust v. City of Los Angeles* (2011) 201 Cal.App.4th 455, 479 ["The entry of judgment ordinarily terminates a trial court's jurisdiction to rule on the merits of a case, apart from ruling on a new trial motion, a motion to vacate the judgment or a similar motion."]; accord, *People v. DeLouize* (2004) 32 Cal.4th 1223, 1231 (*DeLouize*).)

Precluding the plaintiffs from challenging the merits of the judgment itself—through the guise of asking the court to bring its own motion for reconsideration—is also consistent with principles of finality.  As our Supreme Court explained in *DeLouize*, finality in judicial decisions is necessary "to preserve confidence in the integrity of judicial procedures and to avoid the delays and inefficiencies associated with repeated examination and relitigation of the same facts and issues." (*DeLouize*, *supra*, 32 Cal.4th at p. 1232.)  Plaintiffs had an opportunity to present evidence related to their compliance with the Government Claims Act at the bench trial, during which the trial court received evidence and heard testimony from plaintiffs' witness.  Plaintiffs had another chance to present evidence on the Government Claims Act issue through a motion for a new trial, and the trial court conducted a

---

11     It is clear that plaintiffs were seeking to revisit the merits of the judgment itself.  They asked that the court order that "[t]he [c]ourt will bring its own motion to reconsider its ruling dated November 26, 2019," which was the judgment issued by the court following the bench trial on plaintiffs' compliance with the Government Claims Act.

hearing on that request as well. Given plaintiffs' numerous opportunities to fully vindicate their claims prior to bringing their motion for the court's own motion for reconsideration, they are bound by the final judgment.[12] Allowing reconsideration here would incentivize parties to seek out new evidence after a final judgment is entered and the time to appeal has expired. And it would violate principles of finality to require the parties and the court to expend additional resources on an issue that has already been fully litigated. (See *DeLouize*, at p. 1232 [recognizing that " '[e]ndless litigation, in which nothing was ever finally determined, would be worse than occasional miscarriages of justice . . . .' [Citations.]"].)

In sum, the trial court did not err in declining to follow plaintiffs' "suggestion" to exercise its inherent authority to reconsider its prior ruling relating to plaintiffs' compliance with the Government Claims Act. Although a trial court possesses the inherent authority to reconsider certain prior rulings on the court's own motion, nothing compels the court to act on a party's suggestion that it exercise such discretion. There is no authority supporting the plaintiffs' position that the trial court could reconsider the merits of the challenged final judgment after the time to appeal had expired. Even if the court had such discretionary authority, plaintiffs have not established an abuse of discretion because principles of finality support the court's decision denying plaintiffs' requested relief in this case.

_____

[12] The trial court also held that any exercise of its inherent authority to reconsider a prior ruling would have to be "based on the state of affairs at that time and not based on new evidence or new considerations that weren't presented at the time." The parties do not address this issue in their briefing, and it is unnecessary for us to consider it. (Cf. *Barthold*, *supra*, 158 Cal.App.4th at p. 1314 ["in order to grant reconsideration on its own motion, the trial court must conclude that its earlier ruling was wrong, and change that ruling *based on the evidence originally submitted*"].)

C. *Motion for Reconsideration or Renewal Under Section 1008*

" 'The name of a motion is not controlling, and, regardless of the name, a motion asking the trial court to decide the same matter previously ruled on is a motion for reconsideration under . . . section 1008.' " (*J.W. v. Watchtower Bible & Tract Society of New York, Inc.* (2018) 29 Cal.App.5th 1142, 1171; accord, *Lennar Homes of California, Inc. v. Stephens* (2014) 232 Cal.App.4th 673, 681 ["The motion [for clarification], despite its label, was in substance a motion for reconsideration."].) Here, plaintiffs asked the trial court to decide the same matter previously ruled on—plaintiffs' compliance with the claim presentation requirements of the Government Claims Act. To the extent plaintiffs' motion is deemed to be a motion for reconsideration under section 1008, it lacks merit.[13]

First, the trial court did not have the ability to consider a statutory motion for reconsideration given the procedural posture of the case. (*Marshall v. Webster* (2020) 54 Cal.App.5th 275, 281 ["It is settled law that a motion for reconsideration is ineffectual if it is filed after entry of judgment."]; *Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 265 [" 'A trial court may not rule on a motion for reconsideration after entry of judgment.' "].)[14]

---

[13] We would also lack jurisdiction to consider an appeal from an order denying a motion for reconsideration. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577; see § 1008, subd. (g) ["An order denying a motion for reconsideration made pursuant to [section 1008,] subdivision (a) is not separately appealable. However, if the order that was the subject of a motion for reconsideration is appealable, the denial of the motion for reconsideration is reviewable as part of an appeal from that order."].)

[14] A motion for reconsideration under section 1008, subdivision (a), would also be untimely. (See fn. 7, *ante*.)

Second, plaintiffs failed to "show diligence with a satisfactory explanation for not presenting the new or different information earlier . . . ." (*Even Zohar, supra*, 61 Cal.4th at p. 833.) " 'Without a diligence requirement the number of times a court could be required to reconsider its prior orders would be limited only by the ability of counsel to belatedly conjure up a legal theory different from those previously rejected, which is not much of a limitation.' " (*California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 46.)  The need for a diligence requirement is evident in this case.  When ruling on plaintiffs' motion for a new trial, the trial court had already concluded plaintiffs failed to exercise diligence in presenting additional evidence regarding the IID's e-mails and attached claim forms.

Plaintiffs now contend they obtained e-mails from the IID through discovery in a different lawsuit (a malpractice action against their former counsel) which support their claim that the IID provided their former counsel with the El Centro address they used when they mailed their claim forms.[15] But plaintiffs failed to adequately explain why the e-mails and any attached claim forms were a new or different fact that could not have been presented to the trial court earlier.  (See *Jade K. v. Viguri* (1989) 210 Cal.App.3d 1459, 1464, 1467 [affirming denial of a motion for reconsideration when moving party "made no showing the assertedly new evidence . . . was newly discovered [after the original hearing] or with reasonable diligence could not have been discovered" before that hearing]; *Morris v. AGFA Corp.* (2006) 144 Cal.App.4th 1452, 1468 [motion for reconsideration was properly denied

---

[15]    Plaintiffs acknowledge they do not have the actual claim form attached to the relevant e-mail they relied on to file their claim.  Instead, they refer to a claim form attached to a *different* e-mail, contending "reasonable analysis of the emails leads a reasonable person to believe that the claim form[s]" are the same.

where based on evidence that "could have been presented with the original motion"].) Plaintiffs attempt to shift the burden to the IID, contending the defendants intentionally withheld the information from the trial court. But plaintiffs point to nothing in the record demonstrating they ever requested this information from the IID before the bench trial. (Cf. *Hollister v. Benzl* (1999) 71 Cal.App.4th 582, 584-585 [defendant's failure to comply with discovery request until after hearing on petition supplied ground for reconsideration under section 1008 once the requested documents were later produced].)[16] The documents were readily available to plaintiffs during the discovery process. (*New York Times, supra,* 135 Cal.App.4th at pp. 212-213 [moving party failed to show diligence where it "easily could have obtained this evidence by deposition or declarations . . . during discovery"].) Plaintiffs have failed to demonstrate that they could not have discovered and presented this evidence at the prior bench trial with reasonable diligence.[17]

---

[16] We are not persuaded by plaintiffs' contention that they could not have known "with perfect clarity" that their former counsel "failed to provide the emails and that IID possessed the documents." It does not require "perfect clarity" to ensure former counsel has turned over the entire file, or to request such basic information during the course of discovery.

[17] Plaintiffs also refer to section 1008, subdivision (c) in their briefing on appeal but that subdivision is inapposite because plaintiffs' motion was not based on a change in law.

## DISPOSITION

The order denying plaintiffs' "motion for the court's own motion" to reconsider the final judgment is affirmed. Respondents are entitled to their costs on appeal.

GUERRERO, J.

WE CONCUR:

HALLER, Acting P. J.

DATO, J.