[No. A030254. First Dist., Div. Four. Sept. 16, 1986.]

RONALD SUNSERI, Plaintiff and Respondent, v.
CAMPEROS DEL VALLE STABLES, INC., et al.,
Defendants and Respondents;
WESTERN WORLD INSURANCE COMPANY, Movant and Appellant.

COUNSEL

Robert A. Harlem and Bryce C. Anderson for Movant and Appellant.

Richard H. Carlson for Plaintiff and Respondent.

No appearance for Defendants and Respondents.

OPINION

**CHANNELL, J.**—Appellant Western World Insurance Company moved to vacate a stipulated judgment to which it was not a party. (Code Civ. Proc., § 473.)[1] The trial court denied the motion by order. Western World appeals, contending that the judgment should be set aside as the product of fraud and collusion. We affirm the trial court's order.

## I. FACTS

In April 1982, plaintiff-respondent Ronald Sunseri was injured as a result of a collision between his vehicle and a horse. He brought a personal injury action against defendants Camperos Del Valle Stables, Inc., Henry Franco, and Randy Franco. Appellant Western World Insurance Company was the defendants' insurer, but was not a party to this action. The insurance company concluded that its policy with the defendants had been cancelled a month before the incident, and, in October 1983 when the defendants tendered their defense of the claim to the insurance company, it refused to defend them.

---

[1] All statutory references are to the Code of Civil Procedure.

In June 1984, the parties to the underlying lawsuit entered into a stipulated judgment awarding Sunseri $550,000. The defendants had already assigned their rights to sue Western World for the amount of the judgment to Sunseri. The same month, Sunseri filed a separate action for damages against Western World. In September, Western World filed a motion to vacate the stipulated judgment (§ 473), alleging that it was the product of fraud and collusion; the trial court denied the motion by order. In the order, the trial court did not rule on the insurance company's standing to set aside the judgment, but rejected the motion on the merits. Western World filed a timely appeal from the order.[2]

## II. Discussion

Western World contends that the trial court abused its discretion when denying its motion to set aside the stipulated judgment. (§ 473.)[3]

The situation in which Western World finds itself is one of its own creation. An insurer bears a duty to defend its insured whenever it ascertains facts that give rise to a "potential" of liability under its policy. (*Gray* v. *Zurich Insurance Co.* (1966) 65 Cal.2d 263, 266-267 [54 Cal.Rptr. 104, 419 P.2d 168]; *CNA Casualty of California* v. *Seaboard Surety Co.* (1986) 176 Cal.App.3d 598, 605 [222 Cal.Rptr. 276].) The defendants put Western World on notice of the fact that they alleged the insurance company was liable under its policy when they tendered their defense, but Western World rejected this opportunity to defend. This conscious decision to reject the defense of the underlying action does not justify setting aside the judgment on the basis of "mistake, inadvertence, surprise or excusable neglect." (§ 473.)

Western World also argues that the trial court should have set aside the stipulated judgment because it was the product of fraud and collusion. The trial court could make no finding of fraud or collusion on the basis of the conclusory allegations presented to it. In addition, a hearing on a motion to set aside a judgment pursuant to section 473 is not a proper forum to determine whether the judgment is, in fact, the product of fraud or collusion. Western World *has* a forum in which to litigate these issues—in Sunseri's lawsuit against the insurance company. At that time Western World will be afforded a full opportunity to demonstrate that the defendants were not

---

[2]An order denying a motion to vacate a judgment pursuant to section 473 is appealable as a final order after judgment. (See § 904.1, subd. (b); see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 114, pp. 130-132.)

[3]Section 473 provides, in part: "The court may, upon such terms as may be just, relieve a party or his or her legal representative from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect. . . ."

covered by insurance for the underlying claim and/or that the stipulated judgment was reached through fraud and collusion. The insurance company, with full knowledge of the defendants' claim of coverage, chose not to protect its potential interest in the outcome of the underlying action. It could have sought a declaratory judgment establishing a lack of coverage or defended the action under a reservation of rights. Having chosen to do neither, Western World will be bound to pay the amount of the stipulated judgment unless it proves one of its two defenses in the second action. (*Clemmer* v. *Hartford Insurance Co.* (1978) 22 Cal.3d 865, 884 [151 Cal.Rptr. 285, 587 P.2d 1098].) As the trial court astutely noted in its order, "[i]t is most unfortunate that the guiding hand of Western World . . . could not have been provided by its early acceptance of the invitation to defend."[4]

The order denying the motion to vacate is affirmed.

Anderson, P. J., and Sabraw, J., concurred.

A petition for a rehearing was denied October 8, 1986.

---

[4]Western World raises several other issues for the first time in its reply brief. As this is improper, we need not address them. (See *Durham* v. *City of Los Angeles* (1979) 91 Cal.App.3d 567, 571, fn. 2 [154 Cal.Rptr. 243]; *Diamond Springs Lime Co.* v. *American River Constructors* (1971) 16 Cal.App.3d 581, 609 [94 Cal.Rptr. 200]; see also 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 496, pp. 484-485.)