**GLENBROOK HOMEOWNERS ASSOC., Plaintiffs,**

v.

**SCOTTSDALE INSURANCE COMPANY, Defendants.**

No. C–94–1802 SAW.

United States District Court, N.D. California.

July 19, 1994.

W. Barton Weitzenberg, Dennis J. Byrne, Wayne R. Wolski, Belden, Abbey, Weitzenberg & Kelly, Santa Rosa, CA, for plaintiff.

Peter H. Kirwan, Janet H. Leader, Hoge, Fenton, Jones & Appel, San Jose, CA, for defendants.

### *MEMORANDUM AND ORDER*

WEIGEL, District Judge.

On September 14, 1988, Glenbrook Homeowners Association ("Glenbrook") filed a complaint in Sonoma County Superior Court against X–L Homes ("X–L"), Firestone Development ("Firestone"), and others, alleging negligence, fraud, breach of warranty, breach of contract, and strict liability in connection with development of the Glenbrook condominium project. X–L tendered the defense of the action to all five of its insurance carriers, and four carriers accepted the tender of defense ("Carriers"). The fifth insurance carrier, Scottsdale Insurance Company

("Scottsdale"), refused to defend X–L after determining that the alleged damages were the result of a joint venture between X–L and Firestone, and therefore were not covered due to a joint venture exclusion clause in the Scottsdale policy.[1]

Firestone and the other defendants in the Sonoma County action settled with Glenbrook, but X–L did not. On December 4, 1992, written notice of a December 22 trial date was sent to Scottsdale. On December 22, 1992, the claims against X–L were tried on the short cause calendar. The parties announced that they had narrowed the issues through extensive discovery, and the trial consequently lasted less than an hour. Glenbrook called three witnesses: Susan Walsh, the president of the Glenbrook Homeowners Association; Ronald Sievert, the president of X–L Homes; and Johnnie Holm, an expert witness. X–L did not cross-examine Glenbrook's witnesses or call its own witnesses. At the conclusion of the December 22, 1992 hearing, the judge issued an order finding X–L liable and awarding Glenbrook $335,309 in damages. In February, 1993, X–L and its Carriers assigned all of their rights against Scottsdale to Glenbrook; the Carriers paid $140,000 to Glenbrook; and Glenbrook executed a covenant not to execute against X–L ("Covenant").

On December 21, 1993, Glenbrook filed a complaint against Scottsdale in Sonoma County Superior Court. On January 19, 1994, Glenbrook filed a First Amended Complaint for breach of contract, breach of good faith, wrongful refusal to defend, and wrongful refusal to settle. Glenbrook seeks damages of $195,309, the amount of the unpaid judgment that falls within the Scottsdale policy, plus costs, attorney's fees, and punitive damages. On April 25, 1994, the action was mistakenly removed to the Eastern District of California, and on May 13, 1994 it was transferred to this Court.

Scottsdale has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Scottsdale argues that the assignment of rights to Glenbrook was invalid because it was based on the equivalent of a stipulated judgment, and an accompanying covenant not to execute. Scottsdale argues that absent a valid assignment, Glenbrook has no private right of action against Scottsdale as a third party claimant under Cal.Ins.Code § 790.03(h). Glenbrook opposes the motion.

**DISCUSSION:**

A complaint should not be dismissed under Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1954); *Sun Savings and Loan Assoc. v. Dierdorff*, 825 F.2d 187, 191 (9th Cir.1987). The court must accept all of the plaintiff's allegations of fact as true and construe them in the light most favorable to the non-moving party. *North Star International v. Arizona Corp. Commission*, 720 F.2d 578, 580 (9th Cir.1983). While generally the court is confined to consideration of the allegations in the complaint, documents referred to in the complaint may also be considered. *Venture Associates v. Zenith Data Systems*, 987 F.2d 429, 431 (9th Cir.1993).

Prior to 1988, assignment of a bad faith claim against an insurer, following an uncontested trial, was upheld. *See Samson v. Transamerica Ins. Co.*, 30 Cal.3d 220, 178 Cal.Rptr. 343, 636 P.2d 32 (1981) (no cross-examination and no defense presented by insured in underlying action). Assignments pursuant to a default judgment, and to a stipulated judgment were also upheld. *See Clemmer v. Hartford Ins. Co.*, 22 Cal.3d 865, 151 Cal.Rptr. 285, 587 P.2d 1098 (1978); *Sunseri v. Camperos Del Valle Stables, Inc.*, 185 Cal.App.3d 559, 230 Cal.Rptr. 23 (1986). Courts reasoned that as long as fraud was not present, the insurer who refused to defend had no right to complain of the outcome in the underlying action against the insured.

In 1988, the California Supreme Court held that a "conclusive judicial determination" of the insured's liability is a condition precedent to maintaining an Insurance Code § 790.03 action, not otherwise barred, against an insurer. *Moradi–Shalal v. Fireman's Fund Ins. Co.*, 46 Cal.3d 287, 313, 250

---

1. Scottsdale insured X–L from September 9, 1986 through September 9, 1987.

Cal.Rptr. 116, 758 P.2d 58 (1988) (section 790.03 claim against insurer for failure to settle dismissed because underlying personal injury action against insured settled before trial and dismissed with prejudice).[2] Guided by the concerns raised in *Moradi–Shalal* and concerns about collusion between third party claimants and insureds, subsequent supreme court and appellate decisions have attempted to balance competing policy considerations in the context of direct and assigned actions by third-party claimants.

■ The Supreme Court has held that a stipulation as to the insured's liability, signed by the insurer and entered as a stipulated judgment, represents a conclusive judicial determination as required by *Moradi–Shalal. California State Auto. Assn. Inter–Ins. Bureau v. Superior Court*, 50 Cal.3d 658, 662, 268 Cal.Rptr. 284, 788 P.2d 1156 (1990). Some appellate courts have determined that even a stipulated judgment not approved by the insurer will support assignment of a bad faith action against the insurer where the trial court expressly finds that the stipulation was entered into in good faith. *Sanchez v. Truck Ins. Exchange*, 21 Cal.App.4th 1778, 1789, 26 Cal.Rptr.2d 812 (1994); *Roman v. Unigard Ins. Group*, 1994 WL 282401 1994 Cal.App. LEXIS 654. A judgment entered pursuant to a judicial arbitration proceeding also constitutes a conclusive judicial determination under *Moradi–Shalal. See State Farm Mut. Auto Ins. Co. v. Superior Court*, 211 Cal.App.3d 5, 15, 259 Cal.Rptr. 50 (1989). At least one appellate court, however, has ruled that a stipulated judgment not approved by the insurer, and accompanied by a covenant not to execute, does not support assignment of a bad faith action against an insurer. *See Smith v. State Farm Mut. Auto Ins. Co*, 5 Cal.App.4th 1104, 1114, 7 Cal. Rptr.2d 131 (1992).

■ Scottsdale argues that the judgment entered by the Sonoma County Superior Court on December 22, 1992, was in effect a stipulated judgment following a sham trial or "prove-up hearing," and therefore not a valid judicial determination. Scottsdale points to the fact that the trial lasted less than an hour, and that X–L did not cross-examine Glenbrook's witnesses or present any evidence in its defense.

Despite the brevity of the trial, neither the transcript of the proceedings nor the opinion issued by the Sonoma County Superior Court supports the conclusion that there was a stipulated judgment, or its equivalent, in this case. To the contrary, the Order specifically states that "the action came on regularly for trial on December 22, 1992," that the court "heard the testimony" and "considered the evidence." The court expressly found X–L liable to Glenbrook for negligent and defective design and construction, and found Glenbrook entitled to recover $335,309.00, with interest. Order of Sonoma County Sup.Ct.

There appears to be no precedent under California law for holding that a judgment resulting from an uncontested trial is equivalent to a stipulated judgment for purposes of determining whether an assignee may maintain an action against an insurer for refusal to defend. Further, this Court determines that there is no reason for so holding in this case. Scottsdale has not argued that the judgment entered against X–L is without basis, nor has it pointed to any evidence of fraud or collusion between X–L and Glenbrook. Moreover, the danger of fraud or collusion is considerably less in this case than in the case of a stipulated judgment. Here, the trial court heard testimony on the amount of damages and entered judgment pursuant to its consideration of the evidence rather than the agreement of the parties.

**2.** In *Moradi–Shalal,* the Court claimed the requirement of a conclusive judicial determination was compelled by several considerations: 1) evidentiary problems which would arise in subsequent bad faith action if insured's liability were at issue; 2) possibility that evidence of a settlement would influence evaluation of insured's liability; 3) undermining of settlement process if parties had to relitigate the very issue resolved by the settlement; 4) unfair advantage to third party claimant who could keep settlement proceeds, and still attempt to recover more money by litigating bad faith action; and 5) risk of unnecessary conflict between insurer and insured if insured penalized for settling underlying action. *Moradi–Shalal*, 46 Cal.3d at 311–12, 250 Cal. Rptr. 116, 758 P.2d 58.

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss is denied.