Filed 9/19/13  Turner v. Turner CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA TURNER, | B241265 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC463103) |
| v. | |
| MARIAN TURNER, | |
| Defendant and Respondent; | |
| HARTFORD CASUALTY INSURANCE COMPANY, | |
| Movant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Abraham A. Khan, Judge.  Reversed.

Smith Ellison, Michael W. Ellison and Susan L. Goodkin for Movant and Appellant.

Amy P. Lee for Plaintiff and Respondent.

Gary A. Farwell for Defendant and Respondent.

_____

Hartford Casualty Insurance Company (Hartford) appeals from the trial court's order denying a motion to vacate a $4.1 million stipulated judgment entered into between the injured party, Lisa Turner, and Hartford's insured, Lisa's mother Marian,[1] to resolve this personal injury action. (Code Civ. Proc., § 473, subd. (b).)[2] The $4.1 million stipulated judgment originally was part of the settlement entered into in the personal injury action Lisa filed against her mother and father, Hartford's insureds, in the United States District Court. Over Hartford's objections, the district court did not sign the judgment and later dismissed the action on jurisdictional grounds without prejudice to allow re-filing in state court. Within 30 days of re-filing the personal injury action in state court, and before an answer was due, Lisa filed an ex parte application for entry of the $4.1 million stipulated judgment. Hartford had no notice the personal injury action had been re-filed, the ex parte application had been filed, or the $4.1 million stipulated judgment had been entered against its insured. We conclude the trial court erred in denying Hartford's motion to vacate. Hartford established "surprise" as required under section 473, and there is insufficient evidence to support the trial court's conclusion that Hartford failed to accept the tendered defense and was therefore precluded from moving to vacate the judgment. Accordingly, we reverse.

FACTUAL AND PROCEDURAL BACKGROUND

In July 2008, Lisa suffered severe injuries when she fell through a glass shower door not made of tempered glass in a home owned by her parents (Marian and Cornelius) and her sister (Dorian). Hartford had issued a homeowner's policy to Marian and Cornelius.

---

[1]     Because some of the individuals in this case share the same surname, we use the first names for the sake of clarity. No disrespect is intended.

[2]     All further statutory references are to the Code of Civil Procedure.

1. *United States District Court Action*

    a. *Lisa's Personal Injury Action Against Insureds*

In July 2010, Lisa filed a personal injury action in the United States District Court against Cornelius, based upon diversity jurisdiction.[3] Hartford was notified and investigated the claim. On December 15, 2010, Hartford agreed to provide Cornelius a defense, subject to a reservation of rights.

On November 30, 2010, Lisa amended her complaint, adding as defendants Marian and Dorian. Marian did not acknowledge receipt of the amended complaint until February 9, 2011.

    b. *Third Party Complaints Against Hartford*

Cornelius filed a complaint in the district court action against Hartford and other entities, alleging numerous causes of action arising from the insurance claims handling and investigation into Lisa's accident. Lisa and Marian, both represented by Lisa's counsel in the personal injury action, also filed a third party complaint against Hartford, essentially alleging the same causes of action.

    c. *Attempt to Enter $4.1 Million Stipulated Judgment*

The Turners informed Hartford in February 2011 that they had reached a settlement of the personal injury action on December 10, 2010. As part of the settlement, Lisa and Marian agreed to the entry of a $4.1 million judgment against Marian.

Lisa submitted to the district court a "Stipulation for Entry of Judgment and Dismissal with Prejudice of Dorian Turner and Marian Turner." Hartford objected to the stipulated judgment on several grounds. The district court dismissed Dorian with prejudice, but the court did not sign the $4.1 million stipulated judgment.

    d. *Dismissal Without Prejudice of the Personal Injury Action*

The district court issued two orders to show cause regarding lack of jurisdiction of the third party complaints and the underlying personal injury action. Based upon the realignment doctrine, the district court concluded diversity had been destroyed because

---

[3]    Cornelius is a resident of Mississippi.

3

the Turners were aligned, and Hartford and the remaining third-party defendants were aligned.

On May 19, 2011, the district court dismissed Lisa's personal injury action without prejudice to re-file in state court. The district court also dismissed Cornelius's complaint against Hartford without prejudice to re-file in state court and declined to exercise supplemental jurisdiction over the state law causes of action in Lisa's and Marian's complaint against Hartford, dismissing the state law causes of action without prejudice to re-file in state court. Lisa and Cornelius appealed.[4]

2. *State Court Action and Entry of the $4.1 Million Stipulated Judgment*

On June 20, 2011, Lisa re-filed her personal injury action against Marian in the Los Angeles Superior Court. The complaint alleged essentially the same claims asserted in the district court action.

On July 19, 2011, before Marian would have been obligated to answer the complaint, Lisa filed an ex parte application seeking an order for entry of the $4.1 million stipulated judgment. The trial court ruled on the ex parte application and signed the judgment.

Hartford was not served with the complaint in the state court action. Hartford also was not served with the ex parte application. Hartford received no notice that the judgment had been entered against its insured.

On December 14, 2011, Hartford's counsel wrote to Marian's counsel upon discovering the $4.1 million stipulated judgment against its insured, seeking to confirm that Marian was not contending Hartford had any obligations with respect to the $4.1 million stipulated judgment. Hartford got no response before it filed its motion to vacate.

3. *Hartford's Motion to Vacate the $4.1 Million Stipulated Judgment*

Hartford moved to vacate the $4.1 million stipulated judgment against its insured pursuant to section 473, subdivision (b), "on the grounds of mistake, inadvertence,

---

[4] The Ninth Circuit appeal was still pending as of August 16, 2011, after entry of the $4.1 million stipulated judgment in the state court action. The appeals have been dismissed.

4

surprise or excusable neglect in that neither Marian Turner nor anyone else tendered this case to Hartford, an insurer of Ms. Turner, otherwise sought a defense from Hartford, informed Hartford of the application for the Stipulated Judgment or informed Hartford of entry of the Stipulated Judgment."[5]

In support of the motion, Hartford presented two declarations addressing whether Marian had tendered the defense of the state court action. Attorney Michael Ellison stated: "To the best of my knowledge, neither Marian Turner, counsel for Marian Turner, nor anyone else tendered this case to Hartford." Claims Service Consultant Alfonso Smith, who was assigned to the claim file, stated he had sent Marian a letter confirming that Hartford intended to offer to defend her in the district court action.[6] But, Smith stated neither the "Turners nor anyone else informed Hartford that they were seeking to obtain such a stipulated judgment in this action at any time."

Lisa, joined by Marian, opposed the motion to vacate. Citing *Sunseri v. Camperos Del Valle Stables, Inc.* (1986) 185 Cal.App.3d 559, Lisa principally contended a stipulated judgment between an insured and a plaintiff cannot be set aside under section 473, subdivision (b) when there is a failure to accept defense of the insured. Lisa argued that Marian "did not fail to tender her defense [to] Hartford," rather Hartford "failed to accept the defense."

---

[5] Hartford also moved to intervene. (See *Western Heritage Ins. Co. v. Superior Court* (2011) 199 Cal.App.4th 1196, 1210 ["An insurer can move to intervene prior to the entry of judgment."].) Hartford is not challenging on appeal the trial court's order denying its motion to intervene.

[6] The May 16, 2011 letter states: "Dear Mrs. Turner: [¶] The Hartford Casualty Insurance Company ('Hartford') has appointed defense counsel to represent you[r] husband, Cornelius Turner, in the subject litigation. While there has never been any tender to us on your behalf, we have on prior occasions asked your husband's personal counsel, Nina Ringgold, whether or not there was any request for Hartford to also defend you in this matter. . . . Our prior requests have gone unanswered, and we have since learned that you are not represented by counsel in this litigation. We are writing you directly, as a Pro Se defendant, to inquire as to whether you wish us to defend you in the referenced [district court action] filed against you. Please advise us whether you would like Hartford to defend you in this litigation."

5

In support of her argument, Lisa submitted Marian's and her counsel's (Amy P. Lee) declarations. Marian stated: "Hartford did not timely accept the tendered defense and I had a right to settle the case in the manner I deemed appropriate." Lee stated: "Marian Turner tendered her defense to Hartford and Hartford did not respond to her tendered defense before settlement with Lisa Turner." With respect to the Smith letter, Lee stated: "Al Smith provided a letter to Marian Turner after complete resolution and settlement between the parties acknowledging that Hartford was aware that Marian Turner had tendered her defense."[7] Hartford objected to portions of Lee's declaration, and also objected to Marian's untimely declaration at the hearing on the motion.

4.      *Denial of Motion to Vacate and Hartford's Appeal*

The trial court's tentative ruling noted the conflicting evidence, but for purposes of the motion to vacate concluded "the insurer denied the insured's tender of a defense." No evidence is cited in the tentative ruling. In response to the evidentiary objections, the court's tentative ruling states: "The Court has considered the parties' evidentiary objections, and makes its findings based upon evidence determined to survive the objections, including the declaration of [Marian] Turner filed 3/13/12." After taking the

---

**7**      Lisa requests judicial notice of court records in the district court and state court actions to challenge Hartford's contention it was unaware of the entry of the $4.1 million stipulated judgment entered in the state court action and to support her position that Marian tendered her defense. Because three of the four documents were not presented to the trial court, we deny the request for judicial notice of these documents. (*Brosterhous v. State Bar* (1995) 12 Cal.4th 315, 325-326.) As for the fourth document, we also deny the request for judicial notice. The fourth document is a complete copy of the first amended complaint filed on behalf of Lisa and Marian against Hartford in state court, which is in the record. It appears, however, the request is to take judicial notice of the facts alleged. We may take judicial notice that the first amended complaint was filed, but not of the factual allegations because such matters are reasonably subject to dispute and therefore require formal proof. (See, e.g., *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 882.).

6

matter under submission following oral argument on the motion, the trial court adopted its tentative ruling as its final order.  Hartford timely appealed.[8]

## DISCUSSION

Hartford contends the trial court abused its discretion in denying its section 473 motion to set aside the $4.1 million stipulated judgment entered against its insured because Hartford had no notice of the state court proceedings and its insured never tendered the defense of the state court action.  The disposition of a section 473 motion "rests largely in the discretion of the trial court, and its decision will not be disturbed on appeal unless there has been a clear abuse of discretion."  (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598.)  Here, the trial court erred because its conclusion that Hartford denied Marian's tendered defense of this action is not supported by any admissible evidence in the record.

Section 473 permits the court to relieve a "party or his or her *legal representative* from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b), italics added.)  "Legal representative" has been construed liberally and permits an insurer to move to set aside a judgment under section 473 that it might otherwise be required to satisfy.  (*Eigner v. Worthington* (1997) 57 Cal.App.4th 188, 196, fn. 5.)

In denying the motion to vacate the stipulated judgment, the trial court apparently relied on the legal principle articulated in *Sunseri v. Camperos Del Valle Stables, Inc.*, *supra*, 185 Cal.App.3d 559, in which the court denied the section 473 motion to vacate a stipulated judgment because the insured tendered the defense, but the insurer rejected the opportunity to defend.  The insurer made a "conscious decision to reject the defense of the underlying action."  (*Sunseri v. Camperos Del Valle Stables, Inc.*, *supra*, at p. 561.)  Therefore, there was no justification to set aside the stipulated judgment on the grounds of " 'mistake, inadvertence, surprise or excusable neglect.' "  (*Ibid.*)

---

[8]    The denial of a section 473 motion to vacate is appealable as a special order made after final judgment.  (§ 904.1, subd. (a)(2); *Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008.)

7

Here, unlike *Sunseri*, there is no evidence Marian even tendered her defense of the state court action that would have triggered Hartford's duty to defend. Lisa and Marian reached a settlement on December 10, 2010, while the district court action was pending, in which Lisa and Marian agreed to the $4.1 million judgment against Marian.[9] Marian vaguely states that Hartford did not "timely accept the tendered defense," and therefore she had a right to settle "the case," but the settlement occurred before the state court action was even filed. Likewise, Lee's declaration, disregarding the viable foundational objections to its admissibility, chronologically places tender before the settlement reached in December 2010, and the settlement was reached six months before the state court action was even filed.

Relying on Lee's declaration, respondents[10] appear to contend that Smith's letter acknowledged that Marian tendered her defense of the state court action. The letter actually shows the opposite. Hartford offered to defend Marian in the district court action even though she had not tendered her defense. As of May 2011, Marian was aware that Hartford would defend the personal injury action. The state court action was filed one month later, on June 20, 2011, yet neither Marian's nor Lee's declaration specifically addresses Marian's tender at any time between June 20, 2011, the date of filing, and July 19, 2011, the date Lisa filed ex parte for entry of the $4.1 million stipulated judgment.

---

**9** The allegations in the state court complaint filed by Lisa and Marian against Hartford state: "After Hartford did not respond to the tendered defense in October 2010, all insureds entered into binding agreements with LT [Lisa]. . . . Also, in order to resolve the underlying action, MT [Marian] agreed to assign certain claims and to an entry of judgment in the underlying action in the amount of $4,100,000." The complaint further alleges "all insureds executed binding agreements on December 10, 2010." "The admission of fact in a pleading is a 'judicial admission.' " (*Valerio v. Andrew Youngquist Construction* (2002) 103 Cal.App.4th 1264, 1271.) A judicial admission "is a *waiver of proof* of a fact by conceding its truth, and it has the effect of removing the matter from the issues." (*Ibid.*)

**10** We grant Marian's joinder, and because Lisa's and Marian's positions are aligned, when appropriate we refer to them as "respondents." (Cal. Rules of Court, rule 8.200(a)(5).)

Assuming Marian had tendered her defense, the declarations do not state that Hartford declined the opportunity to provide a defense in the state court action. Instead, the declarations state Hartford "did not timely accept," and "did not respond" to Marian's tender. As noted, 29 days elapsed between re-filing the personal injury action in state court and the ex parte application to enter the $4.1 million stipulated judgment. As a matter of right, a defendant has 30 days after a summons is served to answer the complaint. (§ 412.20, subd. (a)(3).) Here, the court signed the judgment on the 30th day. Based upon this time frame, we conclude the evidence of any so-called "delay," does not support an inference that Hartford implicitly denied a defense.

We also reject respondents' related argument that Hartford has not presented sufficient evidence of "surprise" for relief from the $4.1 million stipulated judgment. Although Hartford was aware of the December 10, 2010 settlement, it was not aware that Lisa had re-filed her personal injury action in state court, or filed an ex parte application for entry of the $4.1 million stipulated judgment. There is no conflicting evidence presented on these points. The record also reveals that, if given notice, Hartford would have objected to the entry of the $4.1 million judgment, having done so in the district court action. And, if the defense of the state court action had been tendered, based on inferences drawn from Smith's letter, Hartford most likely would have agreed to offer Marian a defense, with a reservation of rights.

Hartford argues that the "rush" to re-file Lisa's personal injury action in state court and to seek an ex parte application to enter the $4.1 million stipulated judgment, demonstrates fraud and collusion among the Turners because similar efforts failed in the district court. A section 473 motion to vacate is not a proper forum in which to litigate these issues. Here, we conclude the trial court abused its discretion in denying Hartford's motion to vacate the $4.1 million stipulated judgment.

DISPOSITION

The order denying the motion to vacate the $4.1 million stipulated judgment brought pursuant to Code of Civil Procedure section 473 is reversed.  Marian Turner's joinder request is granted.  Respondents' request for judicial notice is denied.  Hartford is entitled to costs on appeal.


**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**



ALDRICH, J.


We concur:




CROSKEY, Acting P. J.




KITCHING, J.


10